IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

**Roye E. Selph**                                                                                          **Plaintiff**

**Cause No. 3: 13-CV-008-JTK**

**Carolyn W. Colvin, Acting Commissioner,**                                        **Defendant**
**Social Security Administration**

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Roye E. Selph seeks judicial review of the denial of his application for disability insurance benefits and supplemental security income. Selph returned to the United States in June 2008, after working for a government contractor in Iraq for over two years.[1] Seven months later, Selph underwent involuntary in-patient treatment for psychotic disorder, cocaine abuse, and alcohol abuse.[2] After a week of treatment, the hospital discharged Selph with anti-psychotic medication and instructions about the importance of treatment.[3] Selph received out-patient treatment off and on for the next 14 months. Then, he applied for disability benefits and alleged disability beginning with his return from Iraq.[4] He based disability on his "mental condition."

---

[1]SSA record at pp. 31-32 & 121-22.

[2]*Id*. at p. 192.

[3]*Id*. at p. 194.

[4]*Id*. at pp. 101, 105 & 130.

**The Commissioner's decision**.  After considering the application, the Commissioner's ALJ determined Selph has severe impairments — psychotic disorder and polysubstance abuse[5] — but he can work where interpersonal contact is incidental to the work performed, e.g., assembly work; complexity of tasks is learned and performed by rote, with few variables and little judgment; and supervision required is simple, direct and concrete.[6]  Because a vocational expert identified available work,[7] the ALJ determined Selph is not disabled under the Social Security Act and denied the application.[8]

After the Commissioner's Appeals Council denied a request for review,[9] the ALJ's decision became a final decision for judicial review.[10]  Selph filed this case to challenge the decision.  In reviewing the decision, the court must determine whether

---

[5]*Id*. at p. 12.

[6]*Id*. at pp. 14-15.

[7]*Id*. at pp. 46-47 (identifying production assembler, sorter of agricultural products, and assembler of small products).

[8]*Id*. at pp. 20-21.

[9]*Id*. at p. 1.

[10]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that Commissioner's appeal procedure permits claimants to appeal only final decisions).

substantial evidence supports the decision and whether the ALJ made a legal error.[11]

**Selph's ability to work**. Selph maintains the ALJ failed to satisfy the Commissioner's step-five burden — to show that work exists that he can do. Although the argument is framed in terms of step five, Selph's reasoning addresses the ALJ's step-four determination about his ability to work.[12] In actuality, Selph challenges the determination that he can work. The distinction is important because Selph had the burden at step four; the Commissioner had the burden at step five.[13]

Because Selph does not challenge the underlying premise for the step-five determination — the vocational expert's identification of available work — the question before the court is whether substantial evidence shows Selph can work within the

---

[11]*See* 42 U.S.C. § 405(g) (requiring district court to determine whether Commissioner's findings are supported by substantial evidence and whether Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[12]Selph's reasons included: (1) my symptoms are more severe than the ALJ found, (2) the ALJ failed to consider whether my non-compliance resulted from mental illness, (3) the ALJ failed to consider the nature of my mental illness, (4) the ALJ took my testimony at face value, and (5) the ALJ failed to adequately inquire about financial reasons for inconsistent treatment. Docket entry # 11, pp. 13-16.

[13]*Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996) ("A social-security claimant bears the burden of proving disability. If, however, a claimant demonstrates that she is unable to return to her past work, the burden shifts to the Commissioner to show that work exists in the national economy that the claimant can perform.") (citation omitted).

defined parameters.  "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[14]  A reasonable mind would accept the following evidence as adequate to show Selph can work within the ALJ's parameters.

> 1.  <u>Medical treatment records</u>.  The treatment records show the onset of psychotic symptoms beginning in January 2009 with an involuntary commitment for mental health treatment.[14]  Selph demonstrated symptoms of psychosis.  He reported drinking about a quarter a pint of alcohol daily, and using marijuana every day or every other day.[15]  This report is significant because "several different research groups reported … that cannabis (marijuana) use is a risk factor for the onset of psychosis."[16]  The treating psychiatrist diagnosed psychotic disorder, cocaine abuse, and alcohol abuse.[17]  Psychosis also flows from cocaine use[18] and alcohol withdrawal.[19]
>
> The following month, Selph sought out-patient treatment from a mental

---

[14]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) (internal citation omitted).

[14]SSA record at p. 192.

[15]*Id*. at p. 207.

[16]Paula Anne Ford-Martin & Rebecca Frey, 2 The Gale Encyclopedia of Mental Health 1233 (3d ed.).

[17]SSA record at p. 192.

[18]Jennifer Hahn & Tish Davidson, 2 The Gale Encyclopedia of Mental Health 1532 (3d ed.).

[19]Rebecca J. Frey , Joan Schonbeck & Tish Davidson, 1 The Gale Encyclopedia of Mental Health 51 (3d ed.).

health provider.[20] He reported frequent use of hallucinogens during his employment with the government contractor.[21] This report is significant because psychosis often flows from the use, abuse, and withdrawal of hallucinogenics.[22] During the next few months, Selph reported complying with prescribed anti-psychotic medication and abstaining from alcohol and marijuana. His symptoms resolved.[23]

By December 2009, Selph had discontinued his anti-psychotic medication and drank alcohol.[24] Selph began to have delusions.[25] He reported seeing demonic images. His family took him to a mental health crisis unit.[26] He reported hallucinations that worsened since smoking salvia, a hallucinogen herb.[27] Selph was hospitalized, stabilized and discharged for out-patient care.

Selph complied with prescribed treatment for a few months and then stopped. Although he testified that treatment did not help, he told mental health providers that treatment resolved his symptoms.[28] "If an impairment can be controlled by treatment or medication, it cannot be considered disabling."[29] A

---

[20]SSA record at p. 257.

[21]*Id*. at p. 258.

[22]Paula Anne Ford-Martin & Rebecca Frey, 2 The Gale Encyclopedia of Mental Health 1234 (3d ed).

[23]SSA record at pp. 263, 274 & 284.

[24]*Id*. at p. 228.

[25]*Id*. at p. 229.

[26]*Id*. at p. 231.

[27]*Id*. at p. 222.

[28]*Id*. at p. 276.

[29]*Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004) (citation omitted). *See Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) ("An impairment which can be controlled

reasonable mind would accept the evidence as adequate to show Selph can work because the treatment records show Selph's symptoms resolved with treatment.

2. <u>Mental diagnostic evaluation</u>. Selph underwent two mental diagnostic evaluations; the same examiner conducted the evaluations. During the first evaluation, Selph denied the use of his anti-psychotic medication and illicit drugs.[30] He denied paranoia or hallucinations. Based on the discontinuation of treatment, drugs, and alcohol, the evaluator suspected that Selph's past psychotic symptoms flowed from long-term drug use.[31] The evaluator opined that Selph has the capacity to complete work related tasks in a timely manner.[32]

Selph returned to the evaluator three months later. This time, he said he was taking his anti-psychotic medications,[33] but denied the use of alcohol or marijuana.[34] Selph's appearance and presentation suggested otherwise.[35] Selph attributed his inability to find work to the government.[36]

Selph displayed an appropriate capacity to cope with typical cognitive demands of basic work related tasks.[37] The examiner opined that Selph is

---

by treatment or medication is not considered disabling."); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995) ("Failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits." ).

[30]SSA record at p. 289.

[31]*Id*. at pp. 289 & 291.

[32]*Id*. at p. 292.

[33]*Id*. at p. 317.

[34]*Id*. at p. 318.

[35]*Id*.

[36]*Id*. at p. 317.

[37]*Id*. at p. 321.

mentally and emotionally able to sustain persistence when completing tasks — "it is clear that his functioning is not limited by psychosis."[38] A reasonable mind would accept the evidence as adequate to show Selph can work because he demonstrated the capacity to work during his mental diagnostic evaluations and reported no psychotic symptoms preventing work within the ALJ's parameters.

3. <u>Daily activities</u>. Selph returned to college in August 2009. He told the mental health examiner that he had not worked because he attended college[39] — not because of mental impairment. He obtained a degree in information technology in May 2011.[40] A reasonable mind would accept the evidence as adequate to show Selph can work within the ALJ's parameters because he obtained a college degree during the time he claims to have been disabled because of his mental condition.

4. <u>Medical opinions about Selph's ability to work</u>. Two medical consultants reviewed the treatment records and the mental diagnostic evaluations, and opined that Selph can do work where interpersonal contact is incidental to the work performed, e.g., assembly work; complexity of tasks is learned and performed by rote, with few variables and little judgment; and supervision required is simple, direct and concrete.[41] A reasonable mind would accept the evidence as adequate to show Selph can work because the ALJ defined Selph's ability to work using the consultants' parameters. A vocational expert identified work available within the parameters.

**Conclusion**. Substantial evidence supports the ALJ's decision denying Selph's application. The ALJ made no legal error. For these reasons, the court DENIES the

---

[38]*Id*. at p. 320.

[39]*Id*. at p. 318.

[40]*Id*. at pp. 29-30 & 39.

[41]*Id*. at pp. 310 & 324.

request for relief (docket entry # 2) and AFFIRMS the decision denying the application.

It is so ordered this 7th day of October, 2013.

_____
United States Magistrate Judge